59Z048956

REC'D BY G. RON NICHOLS
APR 16 2007
ROUTE TO:
COPIES TO:

# IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

| | |
|---|---|
| MARTHA A. COOK and KENNETH W. COOK<br>Plaintiffs<br><br>v.<br><br>STATE FARM MUTUAL AUTO INSURANCE COMPANY<br>Defendant | DOCKET NO. V-07-281<br><br>JURY DEMAND |

CIRCUIT COURT
FILED
Date April 9 2007
Time 10:44 AM
Gayla H. Miller, Clerk

## COMPLAINT

Now come the Plaintiffs and for their cause of action say:

1. Plaintiffs are married and are citizens and residents of Bradley County, Tennessee.

2. Defendant State Farm Mutual Auto Insurance Company, is, upon knowledge and belief, a Tennessee licensed insurance company, doing business in the State of Tennessee.

3. Jurisdiction and venue are appropriate in this case, as Plaintiffs are Tennessee residents, and were State Farm Mutual Auto Insurance Company policy holders at all times material herein.

4. On May 7, 2005, Plaintiffs Kenneth and Martha Cook were traveling through the State of Georgia, along with their daughter, Hannah Cook. Plaintiff Martha Cook was traveling in a 1999 Ford Explorer, and her husband and daughter were traveling in a separate vehicle. As both vehicles approached the outskirts of Macon, Georgia, a tire tread on Plaintiff Martha Cook's vehicle became separated, and Plaintiff Martha Cook suddenly and without warning lost control of her vehicle, which violently struck a guard rail. Plaintiff Martha Cook was suddenly and violently thrown about the interior of her vehicle, and suffered great bodily harm. Plaintiffs aver that at all times

Plaintiff Martha Cook was operating her vehicle in a safe, careful and prudent manner, in accordance with all applicable laws of the State of Georgia.

5. Immediately subsequent to the collision, the separated tire tread was found not far from the Plaintiff's vehicle. The tire tread had separated from Plaintiff's vehicle shortly before her loss of control, causing her collision with a guardrail.

6. As a result of the collision, Plaintiff Martha Cook sustained serious and disabling bodily injuries. Some or all of the injuries may be permanent in nature. Plaintiff has suffered in both body and mind, and Plaintiff Martha Cook has been forced to incur or become liable for numerous medical, doctor and other related expenses and expects to continue to incur medical expenses in connection with her care and treatment in the future.

7. Plaintiffs aver that the accident and resulting injuries, damages and losses were occasioned through no fault or negligence on the part of Plaintiff, but solely as the result of the negligent manufacture of the tire or wheel and component parts on Plaintiff's vehicle.

8. Subsequent to the collision, on or about May 7, 2005, Plaintiffs' automobile casualty and liability insurer, State Farm Mutual Auto Insurance Company, spoke to the Plaintiffs about the circumstances and cause of the collision, and took possession of Plaintiffs' separated tire tread, tire, and wheel ("the evidence"), for use in pursuing a subrogation claim against any third party found liable for the collision.

9. On February 21, 2007, Plaintiffs were contacted by Defendant State Farm Mutual Auto Insurance Company, and advised by Defendant State Farm Mutual Auto Insurance Company that the evidence taken by Defendant State Farm Mutual Auto

Insurance Company had been lost or destroyed or both while in the custody and control of Defendant State Farm Mutual Auto Insurance Company. Plaintiffs were unaware until being advised by Defendant State Farm Mutual Auto Insurance Company that the evidence had been lost and/or destroyed.

10. As a direct and proximate cause of the aforesaid loss and spoliation of Plaintiffs' evidence, Plaintiffs' right to recover against the tire manufacturer was negligently lost and extinguished by Defendant State Farm.

11. Plaintiff Kenneth Cook avers that he suffered a loss of consortium and services of his wife and was forced to suffer in both body and mind as a result of injuries, damages and losses sustained by his wife.

12. Plaintiffs further aver that the Defendant breached its contractual agreement with the Plaintiffs, as the Defendant took possession of the evidence, upon knowledge and belief, in pursuit of a subrogation interest pursuant to the parties' insurance contract, and lost or destroyed the evidence that was crucial in proving the Plaintiffs' claims against any third party for negligent product manufacture. This breach was aggravated by the failure of Defendant State Farm Mutual Auto Insurance Company to promptly communicate this loss to the Plaintiffs.

13. Plaintiffs aver that a bailment existed, in that Plaintiffs delivered to the Defendant property pursuant to a contract, for the purpose of storing and analyzing the property, which said property was not in fact stored but was lost or destroyed and hence, never returned to Plaintiffs. Defendant negligently breached its duty as a bailor.

14. Plaintiffs aver that the Defendant violated the Tennessee Consumer Protection Act, in that the Defendant committed an unfair and deceptive act under

T.C.A. 47-18-104, by losing or destroying the evidence, as detailed in the paragraphs above.

15. Plaintiffs aver that the Defendant was negligent in its actions in losing or destroying Plaintiffs' stored evidence, and this negligence was both the proximate and actual cause of Plaintiffs' expiration and loss of their rights to pursue a negligent products manufacture claim against any liable third parties.

16. Plaintiffs further aver that the Defendant has acted in bad faith, by failing to adequately inform the Plaintiffs as to the loss or destruction of Plaintiffs evidence, and in failing to promptly compensate the Plaintiffs for the loss of the tire tread, in violation of T. C. A. 56-7-105.

**PREMISES CONSIDERED**, Plaintiffs pray:

A. That upon hearing of this cause the Plaintiffs be granted a judgment against the Defendant in the amount of Three Hundred Fifty Thousand Dollars ($350,000.00) compensatory damages for the loss/destruction of Plaintiffs' evidence.

B. That Plaintiffs be awarded treble damages in the amount of One Million, Fifty Thousand Dollars ($1,050,000.00) against the Defendant pursuant to the Tennessee Consumer Protection Act, T.C.A. section 47-18-109(a)(3), and reasonable attorneys fees and costs pursuant to T.C.A. 47-18-109(e)(1).

C. That Plaintiffs be awarded Eighty-Seven Thousand Five Hundred Dollars ($87,500.00) as a twenty-five percent bad faith penalty, plus attorney's fees, pursuant to T. C. A. 56-7-105.

**WHEREFORE**, Plaintiffs pray that a judgment be entered in favor of the Plaintiffs against the Defendant, plus reasonable attorneys' fees and the costs of this cause.

DUNCAN & HATCHER, P.C.

BY _____
Christopher D. Markel, BPR #20850
Attorneys for Plaintiffs
701 Market Street, Suite 1000
Chattanooga, TN 37402
(423) 266-2207  fax: 265-8907

STATE OF TENNESSEE, COUNTY OF BRADLEY
I, Gayla H. Miller, Clerk of the Circuit Court of said County, do hereby certify that the foregoing is a true copy of the Complaint & Cost Bond as same appears on file in said court.
WITNESS my hand and Official Seal at office in Cleveland, Tennessee, This 9 day of April 20 07
_____ _____ MILLER, Clerk
               _____ Deputy Clerk

# IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

MARTHA COOK and KENNETH COOK )
) DOCKET NO. V-07-281
v. )
) JURY DEMAND
STATE FARM INSURANCE COMPANY )

## COST BOND

I hereby acknowledge and bind Duncan & Hatcher for the prosecution of all non-discretionary costs in this Court which may at any time be adjudged against the Plaintiff in the event said Plaintiff shall not pay the same.

DUNCAN & HATCHER

By: _____
Surety

Christopher D. Markel, BPR #020850
Attorney for Plaintiffs
701 Market Street, Suite 1000
Chattanooga, TN 37402
(423) 266-2207
fax (423) 265-8907

CIRCUIT COURT
FILED
Date April 9, 2007
Time 10:44 A.m.

Gayla H. Miller, Clerk

Surety on a bond for costs shall not be released from the obligation as surety until there is provision for a substitute surety.